## Case No. 13,217.

SPAULDING v. McGOVERN et al.

[10 N. B. R. (1874) 188.] [1]

Circuit Court, D. New Jersey.

COURTS — FEDERAL JURISDICTION — PLEADING—
JOINDER—MULTIFARIOUSNESS—
BANKRUPTCY.

1. The plaintiff filed a bill in equity for the recovery of certain property against the bankrupt, his wife, and a third party. The bankrupt and his wife demurred to the bill on the grounds, First. That the matters stated in the bill are not within the jurisdiction of this court. Second. That the bill is multifarious: As to parties. As to the objects of the bill. *Held*, that the matter in dispute exceeding five hundred dollars, and the suit being between the citizens of two different states, the bill has all the conditions necessary to give this court jurisdiction.

[Cited in Cady v. Whaling, Case No. 2,285.]

2. The objection as to a misjoinder of parties does not lie in the mouths of these defendants, as only those who are improperly joined can take advantage of this objection.

3. The bill is not multifarious in its objects.

[This was a bill in equity by Alfred S. Spaulding, assignee, against John McGovern and wife and Miller Ford. Heard on demurrer.]

NIXON, District Judge. The bill of complaint is filed in this case to collect certain monies and property alleged to have been fraudulently paid and transferred by the bankrupt to his wife after his insolvency, and also to set aside a conveyance of real estate made on the 14th day of July, A. D. 1866, through the medium of the defendant, Miller Ford, to hinder, delay, and defraud the creditors of said bankrupt. The complainant states that he is a citizen of the state of New York, and that the defendants are citizens and residents of the state of New Jersey; and that the bill is filed by him as the assignee in bankruptcy of the defendant John McGovern, to recover the assets of the estate. Two of the defendants, McGovern and wife, have demurred to the bill of complaint, and for causes of demurrer have assigned—First. That the matters stated in the bill are not within the jurisdiction of the court. Second. That the bill is multifarious: As to the parties. As to the objects of the bill.

1. As to the jurisdiction of the court.

It appears that the matter in dispute exceeds the sum of five hundred dollars, and that this is a suit in equity between citizens of the state where it is brought and the citizens of another state. It has all the conditions necessary to give this court cognizance under the 11th section of the judiciary act [1 Stat. 78]. Although the complainant claims title under proceedings in bankruptcy, the cause of action is not created by the bankrupt act. It is in the nature of a creditor bill to reach assets, placed by the debtor in the hands of third parties in order to hinder, delay, and defraud the creditor. An equitable jurisdiction exists in the court over the case, wholly independent of the bankrupt law [of 1867; 14 Stat. 517], and as we can find nothing in the provisions of that act which limits or controls the right of the court to exercise authority in such cases, the demurrer to the jurisdiction is not well taken.

2. As to multifariousness.

(1) Has there been a misjoinder of parties? The demurrer is filed by two of the defendants, John McGovern and Elizabeth his wife, and the allegation is that it appears by the bill of complaint that Miller Ford, the other defendant, is not a proper party. Without determining whether it does so appear or not, it is only necessary to observe that this objection does not lie in the mouths of these defendants. If any one can demur to a misjoinder of party defendants, concerning which there seems to be a reasonable doubt, it is only those who are improperly joined, and it will be time enough for the court to consider the question when it is raised by Miller Ford himself.

(2) Is the bill multifarous as to its objects? The assignee in bankruptcy stands in the place of the creditors of the bankrupt, and has the same rights, and may pursue the same remedies in their behalf as they had or would have been entitled to if there had been no adjudication in bankruptcy. He may, therefore, embrace in this suit all such matters and causes of action as might have been included by the creditors in a creditors' bill against these defendants.

The fraud charged against the defendants is this—that they have obtained the possession of certain personal property and acquired the title to real estate belonging to the debtor and bankrupt, John McGovern, and hold the same against the claims of creditors. The property is averred to be in the custody and under the control of the defendant, Elizabeth A. McGovern, and the only apparent reason why Miller Ford is made a party is because his name was used in effecting the alleged fraudulent transfer of the real estate, and the complainant desires a discovery from him in reference to the facts of the transaction. If it should be found after answer or proof that he is a useless defendant, his name may be stricken out upon motion. Wright v. Barlow, 8 Eng. Law & Eq. 125.

It is hardly necessary to observe that a bill in equity is demurrable when it relates to

[1] [Reprinted by permission.]

matters of a different nature, and having no connection with each other, but that is not the case here, the defendants all have a common interest centering in the point in issue in the cause.

The only matter in litigation is fraud, charged in the management and disposition of the property of John McGovern, and the co-defendants are brought in because they were parties and aided in the illegal transfer. It thus falls within the principle of the case of Brinkerhoff v. Brown, 6 Johns. Ch. 139, in which Chancellor Kent carefully reviewed the authorities, and held that "a bill might be filed against several persons, relative to matters of the same nature forming a connected series of acts, all intended to defraud and injure the plaintiffs, and in which all the defendants were more or less concerned though not jointly in each act." This rule was afterwards recognized and approved by the court of errors of the state of New York, in the case of Fellows v. Fellows, 4 Cow. 683, and in the supreme court in Hammond v. Hudson River Iron & Machine Co., 20 Barb. 378, and may be regarded as settled. The demurrer is overruled.

[At the final hearing of this case a decree in favor of the complainant, setting aside the deed as fraudulent, was entered. Case No. 13,-218.]